IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH A. CRAFT; and JANE DOE, a minor, by her next friend and parent, ELIZABETH A. CRAFT; on their own behalves and on behalf of all others similarly situated, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) No. 14-cv-5853 |
| | ) |
| v. | ) |
| | ) |
| HEALTH CARE SERVICE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiffs Elizabeth A. Craft and Jane Doe,[1] a minor, by her next friend and parent,

Elizabeth A. Craft, complain as follows on their own behalves and on behalf of all others

similarly situated, against Defendant Health Care Service Corporation ("HCSC" or "Blue

Cross").

## INTRODUCTION

1.     Plaintiffs seek to end Defendant HCSC's discriminatory practice of excluding all

coverage for the treatment of mental illness in Residential Treatment Centers. HCSC excludes

coverage of residential treatment for mental illness even when that treatment is medically

necessary. It excludes coverage of residential treatment for mental illness even though it covers

the treatment of medical and surgical conditions in similar residential facilities, such as Skilled

Nursing Facilities. HCSC's conduct violates the Paul Wellstone and Pete Domenici Mental

---

[1] Because the Complaint alleges facts that include the minor Plaintiff's private health information, the minor
Plaintiff's name has been replaced with a pseudonym.

Health Parity and Addiction Equity Act of 2008 (the "Parity Act") and the Employee Retirement Income Security Act of 1974 ("ERISA"), of which the Parity Act is a part. Plaintiffs filed this Class Action in order to end HCSC's discriminatory and illegal practices.

## THE PLAN

2.      The Trustwave Holdings, Inc. Health Care Benefit Program ("Trustwave Plan") is an "employee welfare benefit plan" under ERISA §1003, 29 U.S.C. §1002(1). The Trustwave Plan covers more than 50 employees. The Trustwave Plan is a group health plan that provides both medical/surgical benefits and mental health/substance use disorder benefits.  The Trustwave Plan is fully insured by HCSC, operating as Blue Cross and Blue Shield of Illinois, which means that HCSC pays the benefits from its own assets.  All claims determinations are made by HCSC in its capacity as the claims administrator under the plan.

## THE PARTIES

3.      Plaintiff Elizabeth A. Craft ("Craft") is the mother and next friend of Plaintiff Jane Doe.  Craft resides in Parker, Colorado.  At all times relevant to this Complaint, Craft has been an employee of Trustwave Holdings, Inc., and a participant, as defined by ERISA §3(7), 29 U.S.C. §1002(7), in the Trustwave Plan.

4.      Plaintiff Jane Doe ("Jane") is the sixteen-year-old daughter and dependent of Plaintiff Elizabeth Craft. Jane resides in Parker, Colorado. Jane is a beneficiary, as defined by ERISA §3(8), 29 U.S.C. §1002(8), of the Trustwave Plan. Jane's insurance coverage is through her mother's employment with Trustwave Holdings, Inc.

5.      Defendant HCSC, headquartered in Chicago, Illinois, issues and administers health care plans in five states through five divisions, operating, respectively, under the names of Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Montana, Blue Cross and Blue

Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma and Blue Cross and Blue Shield of Texas. HCSC is the largest customer-owned health insurer in the United States and fourth largest overall, with nearly 14 million members. This Complaint will hereinafter refer to HCSC as "Blue Cross."

      a.    Blue Cross is the underwriter and designated claims administrator of the Trustwave Plan. The Trustwave Plan has delegated all coverage decisions to Blue Cross, and Blue Cross exercises discretionary authority and control with respect to the administration of the Trustwave Plan. Blue Cross is therefore a fiduciary of the Trustwave Plan as defined in ERISA, 29 U.S.C. §1002(21)(A)(iii).

      b.    Furthermore, because the Trustwave Plan is fully insured, Blue Cross is responsible for paying all allowed claims from its own assets.

## JURISDICTION AND VENUE

6.    Defendant's actions in administering employer-sponsored health care plans, including making coverage and benefit determinations under the terms and conditions of the health care plans, are governed by ERISA. This Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1), and 28 U.S.C. §1331 (federal question jurisdiction).

7.    Venue is proper in this District under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because, *inter alia*, the Defendant resides in or may be found in this District.

## FACTUAL ALLEGATIONS

### *Background*

8.      Congress enacted the Parity Act on October 3, 2008, as an amendment to ERISA.

*See* 29 U.S.C. §1185a. The Parity Act became effective one year later, on October 3, 2009. The

purpose of the law was to end discrimination in the provision of insurance coverage for mental

health treatment, as compared to medical and surgical services. While the Parity Act does not

require health care plans to cover mental health services, if a plan chooses to cover mental health

services, such coverage must be provided "at parity" with medical/surgical benefits.

9.      The Trustwave Plan covers mental health services.  Therefore, under the Parity Act,

the Trustwave Plan must be administered to ensure that:

> [T]he treatment limitations applicable to such mental health or substance use
> disorder benefits are *no more restrictive* than the predominant treatment
> limitations applied to substantially all medical and surgical benefits covered by
> the plan (or coverage) and there are *no separate treatment limitations* that are
> applicable only with respect to mental health or substance use disorder benefits.

29 U.S.C. §1185a(a)(3)(A)(ii) (emphasis added).

10.      ERISA requires Blue Cross to administer the Plan in compliance with the Parity Act

and its implementing regulations, and to refrain from enforcing Plan terms that conflict with

federal law.  ERISA also imposes strict fiduciary duties on Blue Cross, including the duty to

administer the Plan solely for the benefit of the participants and beneficiaries.  By, among other

things, applying and enforcing the Plan's blanket exclusion of residential treatment for mental

illness in violation of the Parity Act and its regulations, Blue Cross is systemically and uniformly

breaching its ERISA duties, including its fiduciary duties, to Plaintiffs and Class members.

11.      This lawsuit seeks to enforce Plaintiffs' rights under ERISA and the Parity Act.

Plaintiffs seek a court order declaring the Plan's blanket exclusion of coverage for residential

treatment of mental illness to be illegal, and therefore void and unenforceable. Plaintiffs seek permanent injunction enjoining Blue Cross from applying the illegal exclusion in administering the Plan. Plaintiffs also seek an injunction requiring Blue Cross to re-process the claims that it improperly denied based upon the illegal exclusion, in violation of its duties under ERISA.

*Factual Allegations Regarding Jane Doe*

12.    Jane Doe is a 16-year-old girl who has been diagnosed with post-traumatic stress disorder; recurrent, severe major depressive disorder; and anorexia nervosa. The Trustwave Plan includes each one of those mental disorders within the definition of "Serious Mental Illness."

13.    Since August of 2012, Jane has been hospitalized for acute in-patient care for her mental illness nine separate times. Seven of those hospitalizations have occurred within the last year, and four within the last six months. Jane has repeatedly been found to be suicidal, and has taken increasingly direct steps to harm herself. Jane has long expressed a desire to "waste away" and has repeatedly attempted to die of starvation by refusing food and fluids. Most recently, however, Jane was hospitalized for treatment of depression and suicidality after she cut her forearm from the wrist to the elbow.

14.    Each time Jane has been hospitalized for acute inpatient care, her treating physicians have recommended that, upon discharge, Jane be transferred to a long-term residential treatment facility. One of Jane's psychiatrists explained to Jane's mother that, in order for Jane to become healthy again, she needed to address deep-seated psychological problems that would be extremely painful for her to face. That psychiatrist emphasized that the only safe way for Jane to undertake that necessary treatment was in a long-term program in a residential facility with 24-hour supervision and care.

15. However, Blue Cross has consistently denied residential treatment claims filed on Jane's behalf based on an exclusion in the Trustwave Plan. The Trustwave Plan's exclusion of coverage for residential treatment for mental illness, however, violates the Parity Act. No similar exclusion applies to residential treatment for medical or surgical conditions. To the contrary, under the Trustwave Plan, long-term inpatient treatment at a Skilled Nursing Facility is covered up to 100% for medical and surgical conditions.

16. As an ERISA fiduciary, Blue Cross was legally obligated to ignore the blanket exclusion of residential treatment because it violated ERISA and the Parity Act. But Blue Cross nevertheless applied the exclusion, in violation of its ERISA duties. Jane was repeatedly discharged from acute inpatient care to partial hospitalization programs and intensive outpatient programs, neither of which is adequate to treat her mental illness. Partial hospitalization programs, which Blue Cross classifies as out-patient treatment, are short in duration and do not provide 24-hour care, which Jane needs in order to properly treat her illness. Intensive outpatient programs are another "step down" from partial hospitalization and last for even fewer hours each day, with no treatment at all on weekends.

17. Jane was discharged to partial hospitalization programs on four different occasions. Each time, Jane completed the partial hospitalization program, but when she began transitioning to intensive outpatient treatment, she relapsed and ended up back in acute inpatient care. These outpatient treatments are demonstrably ineffective at treating Jane's illness.

18. During Jane's most recent hospitalization, Jane's psychiatrists again recommended that she be discharged to long-term residential treatment, noting her high risk of relapse in a less restrictive treatment setting.

19.    Jane's mother, Plaintiff Craft, sought pre-authorization of coverage for residential treatment on July 11, 2014, pointing out that the exclusion of coverage for residential treatment of mental illness under the Trustwave Plan violates the Parity Act. On July 17, 2014, Blue Cross issued a letter denying Craft's request on the ground that "Mental Health Residential Treatment Facilities is not a covered benefit" under the Trustwave Plan. The same day, Craft filed an urgent appeal of the denial, again arguing that the blanket exclusion violates the Parity Act. On July 18, 2014, Blue Cross demanded that Craft provide authorization from Jane, her minor daughter, in order to file the urgent appeal.  Although she objected to its necessity, Craft provided Jane's authorization for the appeal on July 24, 2014. To date, Blue Cross has not issued a final determination of the urgent appeal.

20.    The Trustwave Plan required Blue Cross to issue a final determination of an expedited appeal within 24 hours.  Under ERISA's implementing regulations, Blue Cross was required to issue a determination on the urgent appeal within 72 hours. *See* 29 C.F.R. §2560.503-1(i). Blue Cross's refusal to resolve the appeal is effectively a denial.  Even if it is not, Craft and Jane Doe should be deemed to have exhausted their administrative remedies due to Blue Cross's failure to adhere to the claims procedures in the Plan and the regulations.

21.    In any event, further attempts by Craft or Jane Doe to exhaust their administrative remedies would be futile.  Blue Cross denied coverage based upon an exclusion, and has consistently relied upon that exclusion since Jane's first hospitalization in August of 2012.  Craft has corresponded with Blue Cross repeatedly about the legality of the exclusion, and Blue Cross has refused to alter its policy.  Jane's health care providers have also corresponded with Blue Cross multiple times about coverage for residential treatment, and Blue Cross has continued to adhere to its policy.

22. In light of Blue Cross's refusal to authorize coverage for residential treatment, Jane's psychiatrists were "forced to go to [partial hospitalization]." Jane was discharged on July 22, 2014, to a partial hospitalization program that runs from 8:30 in the morning to 3:00 in the afternoon, five days per week. The program lasts 10 days, but Blue Cross has only approved coverage for two days at a time, requiring concurrent review and re-authorization every two days, with the constant threat looming that coverage for even that level of care will be denied.

23. Since being discharged, Jane has participated in the partial hospitalization program, but otherwise has spent nearly all of her remaining time at home sleeping or resting with her eyes closed. She is interacting only minimally with her family and shows few signs of improvement.

24. Jane has now been seriously mentally ill for two and a half years. She has been unable to attend school regularly, if at all, during that period. She suffers debilitating physical effects from her eating disorder, and has required emergency treatment on numerous occasions for severe dehydration. Her relapses have become more frequent and more severe, with ever-more active attempts at self-harm. Her history demonstrates, and her psychiatrists have opined, that Jane cannot become healthy without appropriate treatment, which in her case, requires long-term, 24-hour psychiatric care.

25. Although Craft has located an appropriate residential treatment facility with availability to accept Jane, Craft cannot afford the out-of-pocket expense of $1,000 per day. Unless Blue Cross authorizes coverage for residential treatment—as it is required to do under the Parity Act—Jane will not get the treatment she desperately needs.

26. **Class Definition.** Plaintiffs bring their claims on their own behalves and on behalf of an "Residential Treatment Coverage Class," defined as:

All participants in or beneficiaries of an employee welfare benefit plan administered by Blue Cross that provides coverage for both medical/surgical conditions and mental health conditions.

27. **Size of Class**. The members of the class defined above are so numerous that joinder of all members is impracticable.  While the precise number of members in the Class is known only to Defendant, Defendant is the fiduciary and administrator of tens of thousands of ERISA welfare benefit plans and advertises on its website that it has 14 million members.

28. **Class Representative**.  Named Plaintiff Elizabeth Craft is a participant in an employee welfare benefit plan administered by Blue Cross that provides coverage for both medical/surgical conditions and mental health conditions. Craft's claims, on her own behalf and as next friend of the minor Plaintiff Jane Doe, are typical of the claims of the other members of the Class, and she will fairly and adequately represent the interests of the Class.

29. **Common Questions of Law and Fact**. There exist issues of fact and law common to all members of the Class. Among other things, this action requires a determination of whether Blue Cross's application of the Plan's blanket exclusion of all coverage for the residential treatment of mental illness violates its fiduciary duties.

30. **Separate Suits Would Create Risk of Varying Conduct Requirements**. The prosecution of separate actions by class members against Blue Cross would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct. Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(1).

31. **Blue Cross Has Acted on Grounds Generally Applicable to the Class**. By, *inter alia*, applying uniform, blanket exclusions of residential treatment for mental illness in violation of its fiduciary duties, Blue Cross has acted on grounds generally applicable to the class,

rendering declaratory relief appropriate respecting the whole class. Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(2).

32. **Questions of Law and Fact Common to the Class Predominate Over Individual Issues**. The claims of the individual Class members are more efficiently adjudicated on a class-wide basis. Any interest that individual members of the Class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there has been no class action suit filed against this defendant for the relief requested in this action for a class of ERISA insureds. This action can be most efficiently prosecuted as a class action in the Northern District of Illinois, where Blue Cross has its headquarters. Issues as to Blue Cross's conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the Class. Certification is therefore also proper under Federal Rule of Civil Procedure 23(b)(3).

33. **Class Counsel**. Plaintiffs have retained experienced and competent class counsel.

### CLAIMS FOR RELIEF

### COUNT I
### Claim for Benefits Due
### (on behalf of Plaintiffs and the Class)

34. Plaintiffs reallege and incorporate ¶¶1-33, above.

35. Plaintiffs bring Count I under 29 U.S.C. §1132(a)(1)(B), which authorizes a participant or beneficiary to bring a civil action to recover benefits due to him, to enforce his rights under the terms of a plan, or to clarify his rights to future benefits under a plan.

36. As claims administrator, Defendant makes all claims determinations and decides all benefits questions under the plans it administers.

37. When plans are fully insured by Defendant, Defendant pays benefits under the plans from its own assets.

38. The terms of all ERISA plans include the substantive requirements of ERISA and the Parity Act. Blanket exclusions of coverage applicable solely to residential treatment for mental illness, and not to residential treatment of medical/surgical conditions, violate ERISA and the Parity Act.

39. Plaintiffs and the Class seek a judgment declaring blanket exclusions of coverage for residential treatment of mental illness to be void and unenforceable as a violation of the Parity Act.

40. Plaintiffs and the Class seek payment of benefits owed by Defendant for the coverage of residential treatment for mental illness. Plaintiffs and the Class further seek an award of attorneys' fees, costs, prejudgment interest and other appropriate relief.

**COUNT II**
**Claim for Injunctive Relief**
**(on behalf of Plaintiffs and the Class)**

41. Plaintiffs reallege and incorporate ¶¶1-33, above.

42. Plaintiffs bring Count II under 29 U.S.C. §1132(a)(3), which authorizes a participant or beneficiary to bring a civil action to enjoin or obtain other appropriate equitable relief to redress any act or practice which violates any provision of ERISA or the terms of an ERISA plan.

43. Blue Cross is a fiduciary of the Trustwave Plan under ERISA, 29 U.S.C. §1002(21)(A), because it fully administers each Plan; is identified in each Plan as the claims administrator; and exercises discretionary authority in the administration of each Plan.

11

44.     As an ERISA fiduciary, Defendant is obligated to administer ERISA plans "solely in the interest of the participants and beneficiaries and...in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of" ERISA, which includes the Parity Act. 29 U.S.C. §1104(a)(1)(C).

45.     Defendant violated its fiduciary duties by applying blanket exclusions of coverage for residential treatment of mental illness that were inconsistent with ERISA and the Parity Act.

46.     Plaintiffs and the Class seek a permanent injunction enjoining Defendant from applying limitations on coverage for mental health services that are more restrictive than those applied to medical/surgical services, including (but not limited to) a permanent injunction barring Defendant from applying or enforcing blanket exclusions of coverage for residential treatment of mental illness.

47.     Plaintiffs and the Class also seek an injunction requiring Defendant to re-process all claims for residential treatment of mental illness that it denied within the last three years on the basis of an exclusion of coverage.

48.     Plaintiffs and the Class also seek an order requiring Defendant to provide the Class with corrective notice and information, including reformation of the relevant Plan documents.

49.     Plaintiffs and the Class further seek an award of attorneys' fees, costs, prejudgment interest and other appropriate relief.

## COUNT III
### Claim for Benefits Due
### (on behalf of Plaintiffs Jane Doe and Craft, individually)

50.     Plaintiffs reallege and incorporate ¶¶1-33, above.

51.     Plaintiffs Craft and Jane Doe bring Count III under 29 U.S.C. §1132(a)(1)(B), which authorizes a participant or beneficiary to bring a civil action to recover benefits due to

him, to enforce his rights under the terms of a plan, or to clarify his rights to future benefits under a plan.

52.    The Trustwave Plan is fully insured.  Defendant pays benefits claims under the Trustwave Plan from Defendant's own assets.  Defendant is the claims administrator under the Trustwave Plan and decides all benefits questions under the plan.

53.    The Trustwave Plan covers both mental health services and medical/surgical services.  Therefore, under the Parity Act, the Trustwave Plan is precluded from imposing limitations on coverage for mental health services that are more restrictive than those applied to medical/surgical services.  The Trustwave Plan's blanket exclusion of coverage for residential treatment of mental illness violates the Parity Act because the plan does not impose such a limitation on coverage of residential treatment of medical/surgical conditions.

54.    As an ERISA fiduciary, Defendant is obligated to ignore plan terms that violate ERISA or the Parity Act.

55.    Defendant refused to authorize coverage for the treatment of Jane Doe's mental illness in a residential treatment center on the basis of an illegal exclusion of coverage.

56.    In denying coverage, Defendant did not dispute that treatment of Jane Doe's mental illness in a residential treatment center is medically necessary. Jane Doe's treating psychiatrists have uniformly recommended long-term residential treatment of Jane's mental illness. The evidence of medical necessity in Jane Doe's case is overwhelming.

57.    Plaintiffs Craft and Jane Doe seek an order directing Defendant immediately to authorize coverage for Jane Doe to be treated for mental illness in a residential treatment center until such time as Jane Doe's treating psychiatrist determines that residential treatment is no longer medically necessary.

58.    Plaintiffs Craft and Jane Doe further seek an award of attorneys' fees, costs, prejudgment interest and other appropriate relief.

**COUNT IV**
**Claim for Injunctive Relief**
**(on behalf of Plaintiffs Jane Doe and Craft, individually)**

59.    Plaintiffs reallege and incorporate ¶¶1-33, above.

60.    Plaintiffs Craft and Jane Doe bring Count IV under 29 U.S.C. §1132(a)(3), which authorizes a participant or beneficiary to bring a civil action to enjoin or obtain other appropriate equitable relief to redress any act or practice which violates any provision of ERISA or the terms of an ERISA plan.

61.    Defendant is a fiduciary of the Trustwave Plan under ERISA, 29 U.S.C. §1002(21)(A), because it fully administers the plan; is identified in the plan as the claims administrator; and exercises discretionary authority in the administration of the plan.

62.    As an ERISA fiduciary, Defendant is obligated to administer the Trustwave Plan plan "solely in the interest of the participants and beneficiaries and...in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of" ERISA, which includes the Parity Act. 29 U.S.C. §1104(a)(1)(C).

63.    Defendant violated its fiduciary duties by refusing to authorize coverage for Jane Doe's mental illness to be treated in a residential treatment center based upon a blanket exclusion of coverage for residential treatment of mental illness that is inconsistent with ERISA and the Parity Act.

64.    Plaintiffs Craft and Jane Doe seek a permanent injunction enjoining Defendant from applying limitations on Jane Doe's coverage for mental health services that are more restrictive

14

than those applied to medical/surgical services, including (but not limited to) a permanent injunction barring Defendant from denying coverage for Jane Doe's mental health treatment based upon a blanket exclusion of coverage for residential treatment of mental illness.

65.    Plaintiffs Craft and Jane Doe also seek an award of attorneys' fees, costs, prejudgment interest and other appropriate relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment in their favor against Defendant and request that this Court:

1. Certify this case as a class action; designate the Named Plaintiffs as class representatives; and designate D. BRIAN HUFFORD, JASON COWART, CAROLINE E. REYNOLDS and MEIRAM BENDAT as class counsel;

2. Declare that Defendant Blue Cross may not apply contract provisions, policies or practices that wholly exclude or impermissibly limit services to treat mental health conditions when such exclusions and/or limitations are not applied to medical and surgical services;

3. Declare that blanket exclusions applicable solely to residential treatment for mental illness, as found in the Trustwave Plan, are void and unenforceable;

4. Enjoin Defendant Blue Cross from further violations of the Parity Act and its implementing regulations, as incorporated into the terms of the plans it administers;

5. Enter judgment in favor of Plaintiffs and the Class for damages in an amount to be proven at trial due to Defendant's failure to provide benefits due under the plans as modified by the Parity Act and its implementing regulations;

15

6. Award Plaintiffs and the Class their attorney fees and costs under 29 U.S.C.

§1132(g); and

7. Award such other relief as is just and proper.

Respectfully submitted,

Dated: July 30, 2014 /s/ George F. Galland, Jr.
George F. Galland, Jr.
One of the Attorneys for Plaintiffs

D. Brian Hufford
Jason S. Cowart
Zuckerman Spaeder LLP
1185 Avenue of the Americas, 31st Fl.
New York, NY 10036
212.704.9600

Caroline E. Reynolds
Zuckerman Spaeder LLP
1800 M Street NW
Washington, DC 20036
202.778.1800

Meiram Bendat
Psych-Appeal, Inc.
8560 W. Sunset Blvd., Ste. 500
West Hollywood, CA 90069
310.598.3690, ext. 101

George F. Galland, Jr.
Scott A. Entin
Miner, Barnhill & Galland, P.C.
14 W. Erie St.
Chicago, IL 60654
312.751.1170

*Counsel for Plaintiff and the Putative Class*