# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELIZABETH A. CRAFT; JANE DOE, by her next friend and parent, ELIZABETH A. CRAFT; BRYAN L. PAUTSCH; MARY DOE, by her next friend and parent, BRYAN L. PAUTSCH; on their own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH CARE SERVICE CORPORATION, <br><br> Defendant. | Case No. 14-cv-5853 <br><br> Hon. Virginia M. Kendall |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND APPROVING NOTICE OF PROPOSED SETTLEMENT AND FAIRNESS HEARING

This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement. Plaintiffs, individually and on behalf of the proposed settlement class, and Defendant have entered into a Settlement Agreement ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS ORDERED THAT:

1. The definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into this Order.

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs. Based upon its review of

these papers, the Court finds that the Settlement Agreement is the product of informed arms' length negotiation by counsel; contains no obvious deficiencies that would prevent preliminary Court approval; bears a reasonable relationship to the claims alleged by Plaintiffs and the litigation risks of Plaintiffs as well as the Defendant; and does not improperly grant preferential treatment to the named Plaintiffs or segments of the Settlement Class.

4. Therefore, the Settlement Agreement, and the terms and conditions contained therein, is hereby preliminarily approved.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined as follows:

> All individuals who, on or after July 30, 2011, have been participants in and beneficiaries of an ERISA-governed employee welfare benefit plan administered and/or insured by HCSC that provided coverage for both medical/surgical conditions and mental health conditions and who had made on their behalf or on behalf of their beneficiary pre-service and/or post-service claims for benefits for treatment of mental illness in a residential treatment center, and for which HCSC issued an adverse benefit determination denying the claims in whole or in part based on plan exclusions of coverage for residential treatment of mental illness; provided, however, that the following are excluded from the Settlement Class: (i) HCSC, any entity in which HCSC has a controlling interest, and HCSC's officers, directors, attorneys, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and (iii) and any other person who has previously released claims against HCSC that would otherwise be released pursuant to this Settlement Agreement.

6. The Court finds that the proposed Settlement Class satisfies the requirements for certification under Rule 23(a). The Settlement Class satisfies the Rule 23(a) elements of numerosity, commonality, typicality, and adequacy of representation.

    a. **Numerosity**. The Settlement Class includes approximately 300 people, and thus satisfies the numerosity requirement.

b. **Commonality.** The Settlement Class members share a core of common factual and legal issues, including whether HCSC's enforcement of the putative Settlement Class's ERISA-governed benefit plans' exclusions of coverage for residential treatment of mental illness violated the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (the "Parity Act") and the Employment Retirement Income Security Act of 1974 ("ERISA").

c. **Typicality**. The named Plaintiffs' claims are typical of the claims of the members of the Settlement Class, because they would make the same arguments as all other Settlement Class members to establish liability and entitlement to injunctive relief for HCSC's alleged breaches of fiduciary duty and abuse of discretion under ERISA.

d. **Adequacy**. The named Plaintiffs adequately represent the Settlement Class and have had the same interest as all Settlement Class members in maximizing the Settlement Fund, and proposed Class Counsel are experienced class action attorneys who are well qualified to evaluate and litigate this case.

7. The Court also finds that the proposed Settlement Class meets the requirements for certification under Rule 23(b)(3). Plaintiffs have shown that questions common to the Settlement Class predominate over individual issues, and that resolving this action by class action meets the superiority requirement of Rule 23(b)(3) because it is the most efficient and effective approach. Finally, the Settlement Class is ascertainable because membership in the Settlement Class may be determined from objective criteria as reflected in HCSC's records.

8. The Court appoints Bryan Pautsch and Elizabeth Craft to serve as Settlement Class Representatives of the Settlement Class.

9. The Court finds that Zuckerman Spaeder LLP (Brian Hufford, Jason Cowart, Martin Himeles and Daniel Moylan), Psych-Appeal, Inc. (Meiram Bendat), and Miner, Barnhill

& Galland, P.C. (George Galland) as Class Counsel satisfy the requirements of Rule 23(g) and appoints them to serve as Class Counsel.

## NOTICE & ADMINISTRATION

10. Dahl Administration LLC is hereby appointed as the Settlement Administrator, and shall be responsible for providing the Notice of Settlement to Settlement Class Members in accordance with the provisions of the Settlement Agreement, the parties' proposed Notice Plan and this Order.

11. The Court approves the form and substance of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") and accompanying Opt-Out Notice. The Notice program includes: (i) the mailing and (where feasible) emailing of the Notice directly to members of the Settlement Class; (ii) a Settlement website containing the Notice information, Opt-Out Notices, and relevant pleadings about the case, including the Motion for Preliminary Approval; and (iii) a telephone hotline by which members of the Settlement Class can obtain information about the Settlement. The Court finds that these procedures established for Notice by the Settlement Agreement are the best practicable under the circumstances and are reasonably calculated to apprise the members of the Settlement Class of the pendency of the Action and the proposed Settlement, afford any member of the Settlement Class an opportunity to present any objections to the Settlement or to opt out of the Settlement, and comply in all respects with the Federal Rules of Civil Procedure and all of the requirements of due process.

12. The Court approves the form and substance of the CAFA Notices, attached to the Settlement Agreement as Exhibit F. The Court further finds and orders that upon mailing of the CAFA Notices, HCSC will have complied with the notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

13. HCSC will provide the data referred to in paragraph 31 of the Settlement Agreement to the Settlement Administrator no later than five (5) business days after entry of this Order. All information provided to the Settlement Administrator by HCSC pursuant to the Settlement Agreement and this Order shall be treated by the Settlement Administrator as

CONFIDENTIAL under the terms of the HIPAA Qualified Protective Order entered in this action (Dkt. 114) , and shall constitute a permitted disclosure pursuant to 45 CFR 164.512(e).

14. The Settlement Administrator is directed to disseminate the Notice and implement the Notice Plan on or before October 5, 2017.

**EXCLUSION & OBJECTIONS**

15. In order for a member of the Settlement Class to be excluded from the Settlement Class, the member of the Settlement Class must request exclusion by sending a timely written notice to the Settlement Administrator in the form described in the Notice ("Opt-Out Notice") and at the address described in the Notice. The Opt-Out Notice must be postmarked no later than November 19, 2017. In the event that a Settlement Class Member submits a timely and valid Opt-Out Notice, that member of the Settlement Class shall be excluded from the Settlement Class, shall not be a Settlement Class Member, and shall not be entitled to participate in the Settlement.

16. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

17. To object to the Settlement, a Settlement Class Member must send a written statement to Class Counsel and HCSC's counsel explaining the reasons for objecting ("Objection"), which must be postmarked no later than November 19, 2017 to be considered as timely. The Objection must include the Settlement Class Member's name, address, and telephone number; the Settlement Class Member's reasons for objecting together with any supporting documentation; the Settlement Class Member's signature; a statement identifying the number of class action settlements objected to by the Settlement Class Member in the last three years; a statement whether the objector intends to appear at the Fairness Hearing, either in person or through counsel, and if through counsel, identifying counsel by name, address, and telephone number. In addition to the foregoing, if the Settlement Class Member is represented by counsel

and such counsel intends to speak at the Fairness Hearing, the written objection must include a detailed statement of the specific legal and factual basis for each and every objection and a detailed description of any and all evidence the objecting Settlement Class Member may offer at the Fairness Hearing, including copies of any and all exhibits that the objecting Settlement Class Member may introduce at the Fairness Hearing.

18. Any Settlement Class Member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement. The procedures and requirements for filing objections satisfy the due process rights of all Settlement Class Members and are sufficient to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objections to the Settlement.

## FAIRNESS HEARING

19. Within 30 days after entry of this Order, Class Counsel shall file their motion for attorneys' fees, reimbursement of costs and expenses, and any requested service awards to the Settlement Class Representatives (the "Fee Motion"). The Court finds that this schedule is reasonable and adequate to enable members of the Settlement Class to consider the Fee Motion in deciding whether to opt out or object to the Settlement.

20. Within 75 days after entry of this Order, Class Counsel and HCSC's Counsel shall file with the Court any papers in support of final approval of the Settlement. Copies of all papers shall be served upon all Settlement Class Members who file a valid and timely objection to the Settlement or their counsel.

21. The Court will determine whether to grant final approval of the Settlement at a hearing ("Fairness Hearing") to be held before this Court on a date at least 90 days after this Order, specifically on December 20, 2017, in Courtroom 2319 of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois. The Court will determine at or after the Fairness Hearing that it has jurisdiction over the subject matter, the

Parties, and the members of the putative class.  It will further determine whether the proposed Settlement and Plan of Allocation is fair, reasonable, and adequate, and whether it should be finally approved by the Court.  Finally, it will decide the Fee Motion, the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel pursuant to Rule 23(h), and the amount of any service awards to the Settlement Class Representatives.  The Settlement Administrator or Class Counsel shall, at least seven (7) days prior to the Fairness Hearing, file with the Court proof of mailing of the Notice to the Settlement Class.

22. Any Settlement Class Member who has complied with the terms of paragraph 17 of this Order, may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness, and adequacy of the Settlement as embodied by the Settlement Agreement and the application for service awards to Settlement Class Representatives and attorneys' fees, costs, and expenses to Class Counsel.  Unless such requirement is excused by the Court, no person shall be heard in opposition to the Settlement, the Settlement Agreement, or the application for service awards and an award of attorneys' fees, costs, and expenses to Class Counsel unless such person has filed an objection to the Settlement and a notice of an intention to appear no later than November 19, 2017.

23. The Court reserves the right to adjourn and/or reschedule the Fairness Hearing without further notice of any kind to Settlement Class Members.  Therefore, any Settlement Class Member intending to attend the Fairness Hearing should (in addition to complying with all instructions and requirements above) confirm the date, time, and location of the Fairness Hearing with Class Counsel.

24. Pending the final determination of whether the Settlement should be approved, all proceedings and discovery in the Action are stayed, except as specifically provided for in this Order.  If the Effective Date does not occur, or if the Parties' Settlement Agreement is otherwise terminated and canceled pursuant to its terms, the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement.

25. During the period after the expiration of the deadline for submitting an Opt-Out Notice and prior to the determination of whether the Settlement should be given final approval, all Settlement Class Members shall be preliminarily enjoined and barred from asserting any Released Claims against HCSC. Released Claims are:

> Any claim, liability, right, demand, suit, obligation, damage, including consequential damages, losses or costs, punitive damages, attorneys' fees and costs, actions or causes of action, of every kind or description—whether known or unknown (including "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—related to or arising out of (i) the facts alleged in the Action concerning treatment at, or the availability of benefits or coverage for treatment at, a RTC during the Class Period; (ii) pre-service and/or post-service claims for benefits for treatment of mental illness in a RTC, and for which HCSC issued an adverse benefit determination denying the claims in whole or in part based on plan exclusions of coverage for residential treatment of mental illness; and (iii) the pre-service and post-service claims identified in the Request Data.

26. Prior to the entry of the Final Approval Order and Judgment, the Settlement may, with approval of the Court, be modified by written agreement of Class Counsel and counsel for HCSC in their discretion without giving any additional notice to the Settlement Class (other than the notice given with respect to the Settlement and the Fairness Hearing pursuant to this Order), provided that such modifications in the aggregate are not materially adverse to the Settlement Class.

27. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in any Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of

the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any Action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against Defendant, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

28. In sum, the Court approves the following schedule for Settlement-related activities:

| **DATE** | **EVENT** |
|---|---|
| September 20, 2017 | Order entered granting preliminary approval |
| September 27, 2017 | HCSC production of information under paragraph 31 of Settlement Agreement |
| October 5, 2017 | Last day to provide Notice to Settlement Class |
| October 20, 2017 | Plaintiffs file request for attorneys' fees and expenses and service awards for Settlement Class Representatives |
| November 19, 2017 | Last day for class members to opt out or object to Settlement |
| December 5, 2017 | Last day for Plaintiffs to file a motion for final approval of the Settlement and to respond to objections |
| December 20, 2017 | Fairness Hearing concerning final approval of Settlement |

SO ORDERED.

Dated: September 20, 2017

_____
Honorable Virginia M. Kendall
United States District Judge
for the Northern District of Illinois