

1185 AVENUE OF THE AMERICAS   31ST FLOOR
NEW YORK, NY 10036-2603
212.704.9600   212.704.4256 fax   www.zuckerman.com

D. BRIAN HUFFORD
Partner
646-746-8662
dbhufford@zuckerman.com

July 22, 2014

**PERSONAL & CONFIDENTIAL**
**ATTORNEY/CLIENT PRIVILEGED**

<u>**VIA E-MAIL**</u>

Elizabeth Craft
5047 Miriam Lane
Parker, CO  80134

    Re: <u>Legal Retainer for Class Action Against Health Care Service Corporation, operating under Blue Cross Blue Shield of Illinois</u>

Dear Ms. Craft:

  This letter confirms that you, Elizabeth Craft, individually and on behalf of your minor daughter, ▇▇▇▇▇▇▇▇ (collectively, "you" or "your"), have retained Zuckerman Spaeder LLP ("we" or "our" or "us") to represent you in investigating claims against Health Care Service Corporation and its division, Blue Cross Blue Shield of Illinois (collectively, "HCSC"), that HCSC's exclusion of residential treatment centers for mental health services violates the applicable mental health parity laws.  As is our practice, we set forth below the terms and conditions of our representation.

  **1. Relief to Be Sought**

  On behalf of you and the class, we will seek appropriate monetary, injunctive, and/or declaratory relief from defendant(s), designed to prevent and/or minimize the negative impact of the conduct challenged in the litigation.

  If money damages are recovered on behalf of the class, such fund, after deduction of court-approved attorneys' fees and expenses, is ordinarily divided or paid out based on an allocation approved by the court.  It is difficult to predict exactly how a court might direct that those monies be paid out or allocated, but ordinarily a named plaintiff or class representative is not entitled to a greater share of that allocation than he/she would have receive if he/she had not acted as the named plaintiff or class representative.  A named plaintiff or class representative



Elizabeth Craft
July 22, 2014
Page 2

may, however, be entitled to a "compensatory" or "incentive" award depending on applicable law. Such an award is entirely in the Court's discretion.

**2. Your Duties**

As our client, you agree to provide any assistance related to the litigation that we deem necessary and to do your best to increase the likelihood that our efforts are successful. You agree to consult with us about facts and legal issues related to the case. You agree to retain and produce all relevant documents (including electronic documents such as emails), answer written questions (also known as interrogatories), and provide testimony under oath (e.g., in a deposition or trial).

Because we are filing this case as a proposed class action, there will probably come a point in the litigation when we file a motion for class certification. In connection with that motion, we will have to identify proposed class representatives. A class representative represents the interests of all class members in a class action and works with the class's lawyers to vindicate the class's claims. As a class representative, you must elevate the interests of the class above your own individual interests. You agree that we may propose to the court that you serve as a class representative and you agree to serve in that capacity if selected.

As we have discussed with you, our law firm has a number of different offices and we represent many other companies and individuals in a variety of matters. It is possible that during the course of the representation, other present or future clients will have disputes with you or an affiliate or related entity or individual. In light of these considerations, you agree that we may continue to represent or in the future undertake to represent existing or new clients in matters not substantially related to the current representation, even if the interests of such other clients are directly adverse to your interests, or the interests of your affiliates or related entities or individuals. This consent shall not apply if during the course of our representation we have obtained sensitive, proprietary, or other confidential information, of a non-public nature, that could be used to the advantage of such other client in any matter for which we are retained by that client.

**3. Our Duties**

Litigation is inherently risky, and we cannot guarantee that we will be successful. We will, however, provide you and the class with legal services consistent with our ethical obligations. We will keep you updated on significant developments in the litigation and make ourselves available to answer your questions. We will consult with you regarding any settlement discussions or settlements with defendant(s).

4576631.1



Elizabeth Craft
July 22, 2014
Page 3

It is important that you understand that if the court permits the lawsuit to proceed as a class action, we will not be able to put your individual interests ahead of those of other class members. We will have to respect equally the interests of all class members. Because we would be representing the interests of the entire class, we are required to make litigation and settlement recommendations based upon the interests of the entire class.

**4. We Will Advance Expenses**

We will advance all costs and expenses (collectively "expenses") that we deem necessary to prosecute the case. Such expenses typically include items such as telephone, copying and mailing charges, as well as more substantial items, such as the cost of travel, deposition and trial transcripts, and expert witness and consultant fees.

**5. Termination of Services**

You have the right to terminate our services at any time. If you decide to do so, you will be charged for, and agree to pay immediately, any expenses incurred by us, as well as any further reasonable expenses incurred in transferring our representation to other counsel of your choice. You also agree that if you retain other counsel, we shall nonetheless be entitled to a portion of any attorneys' fees that defendants are ultimately required by the court to pay or which defendant(s) agree to pay as part of a settlement. Such portion shall be equal to our "lodestar," which shall be calculated by multiplying the time that each of our attorneys spend on the matter by that attorney's standard billing rate, and then adding the sum of those calculations together.

As we have discussed, we are agreeing to represent you in this matter because we intend to prosecute this case as a class action and hope to collect our fees as part of a class-wide resolution of the claims. Thus, if the court refuses to certify the class, you agree that we may move to withdraw from the action at our discretion and with your agreement, and that you would need to retain new lawyers to prosecute your individual claims if such withdrawal is permitted.

**6. Fee For Professional Services and Reimbursement of Expenses**

Under some circumstances, applicable law may permit the court to order defendant(s) to pay our reasonable attorneys' fees and reimburse us for our expenses. Additionally, if the class obtains a monetary recovery from defendant(s) as part of a settlement and a settlement fund is created, applicable law may authorize the court to order that our reasonable attorneys' fees and expenses be paid from that fund. With this in mind, we agree to represent you and the class on a contingent basis. Neither you, nor the class, have any obligation to pay us attorneys' fees or



Elizabeth Craft
July 22, 2014
Page 4

reimburse us for our expenses from your own financial resources, except as provided in Section 5 and below.

If your claims are resolved on an individual or class-wide basis *pursuant to a court decision, order, or judgment (i.e., such resolution is not caused by a settlement)*, you authorize us to seek an order from the court requiring defendant(s) to pay us whatever attorney's fees and expenses that we deem reasonable. In this event, we will accept as payment in full whatever attorneys' fees and expenses are awarded by the court (if any) and neither you nor the class owes us anything additional.

If your claims are resolved on a class-wide basis *pursuant to a settlement with defendant(s)*, you authorize us to seek from defendants any amount of attorneys' fees and reimbursement of our expenses that we deem reasonable as part of that settlement. If we and defendants agree to an amount of attorneys' fees and expense reimbursement as part of the settlement, such attorneys' fees and expenses must be approved by the court before they are paid. In this event, we will accept as payment in full whatever attorneys' fees and expenses are awarded by the court (if any) and neither you nor the class owes us anything additional. If we and defendants cannot agree to an amount of attorneys' fees and expense reimbursement as part of the settlement, you authorize us to seek a provision in the settlement agreement that allows us to file a motion with the court seeking an order requiring defendants to pay us reasonable attorneys' fees and expenses. If defendant(s) agree to such a provision, we will accept as payment in full whatever attorneys' fees and expenses are awarded by the court (if any) and neither you nor the class owes us anything additional. If defendant(s) refuse to reimburse us for all of our expenses and/or pay the amount of attorneys' fees we demand, and refuse to include a provision in the settlement agreement that allows us to file a motion with the court seeking an award of attorneys' fees and/or expenses, and you nonetheless instruct us to accept the settlement, you agree to reimburse us for whatever expenses and/or portion of the attorneys' fees we demanded that defendant(s) have not agreed to pay as part of the settlement.

If your claims are resolved on an individual basis *pursuant to a settlement with defendant(s)*, you authorize us to seek from defendant(s) as part of that settlement any amount of attorneys' fees that we deem reasonable, as well as reimbursement of our expenses. If defendant(s) agree to pay the attorneys' fees and expenses we demand, you do not owe us anything additional. If defendant(s) refuse to pay the attorneys' fees and expenses we demand, you authorize us to seek a provision in the settlement agreement that allows us to file a motion with the court seeking an award of attorneys' fees and/or expenses. If we file such a motion, but the court does not order defendants to reimburse us for all of our expenses or pay us attorneys' fees that are at least equal to 30% of any gross monetary recovery you receive through the settlement (i.e., any monetary recovery you receive through the settlement before any deductions for our attorneys' fees, expense

4576631.1



Elizabeth Craft
July 22, 2014
Page 5

reimbursement, or taxes), you agree to make up the difference by paying us whatever amount is necessary to ensure that all of our expenses are reimbursed and that we are paid attorneys' fees equal to 30% of your gross recovery, so long as your total payments to us do not exceed 50% of your gross recovery. If defendant(s) refuse to reimburse us for all of our expenses and/or pay the amount of attorneys' fees we demand, and refuse to include a provision in the settlement agreement that allows us to file a motion with the court seeking an award of attorneys' fees and/or expenses, and you nonetheless instruct us to accept the settlement on your behalf, you agree to reimburse us for whatever expenses and/or portion of the attorneys' fees we demanded that defendant(s) have not agreed to pay as part of the settlement.

### 7. Other Counsel

You authorize us to employ and/or work with other law firms in representing the proposed and/or actual class, including you. You agree that any fees ultimately awarded to counsel in the case may be divided, split and/or shared by, between and/or among the law firms in proportion to the services performed by each firm, or by agreement among the law firms, or as otherwise permitted by law. Each of the law firms involved in representing the proposed and/or actual class, including ours, shall have joint responsibility for the representation. We will keep you informed about the other lawyers and law firms that we work with in this matter. We may receive from other law firms representing plaintiffs and/or the proposed class in this case a portion of the fees received by one or more of such other firms.

### 8. Applicable Law and Forum

In any proceeding or matter arising out of or related to our relationship or this agreement, the applicable substantive law shall be that of the jurisdiction where the office of the attorney identified as principally responsible for this matter is located, without consideration of that jurisdiction's conflict of law provisions. In addition, that jurisdiction shall serve as the exclusive forum for any such proceeding or matter. Also, as we have discussed, any such proceeding or matter shall be tried exclusively to a judge, and you waive and give up any right to trial by jury.



Elizabeth Craft
July 22, 2014
Page 6

    If this letter correctly states our agreement, please sign and date it in the space provided. I have enclosed a signed copy of this letter for your records. We look forward to doing the best job possible for you.

Sincerely,

D. Brian Hufford

AGREED TO AND ACCEPTED:

Elizabeth Craft, individually and on behalf of her minor daughter, ▋

Dated: 7/23/14

4576631.1



**ZUCKERMAN SPAEDER LLP**  212.704.9600  212.704.4256 fax  www.zuckerman.com

399 PARK AVENUE, 14TH FLOOR
NEW YORK, NY 10022

D. BRIAN HUFFORD
Partner
646-746-8662
dbhufford@zuckerman.com

May 18, 2015

**PERSONAL & CONFIDENTIAL**
**ATTORNEY/CLIENT PRIVILEGED**

**VIA E-MAIL** - bpautsch@sikich.com

Bryan L. Pautsch
W72 N1007 Harrison Avenue
Cedarburg, WI 53012

   Re: Legal Retainer for Class Action Against Health Care Service Corporation,
      operating under Blue Cross Blue Shield of Illinois

Dear Mr. Pautsch:

  This letter confirms that you, Bryan L. Pautsch, individually and on behalf of your minor daughter, ▇▇▇▇▇▇▇ (collectively, "you" or "your"), have retained Zuckerman Spaeder LLP ("we" or "our" or "us") to represent you in investigating claims against Health Care Service Corporation and its division, Blue Cross Blue Shield of Illinois (collectively, "HCSC"), that HCSC's exclusion of residential treatment centers for mental health services violates the applicable mental health parity laws. As is our practice, we set forth below the terms and conditions of our representation.

  **1. Relief to Be Sought**

  On behalf of you and the class, we will seek appropriate monetary, injunctive, and/or declaratory relief from defendant(s), designed to prevent and/or minimize the negative impact of the conduct challenged in the litigation.

  If money damages are recovered on behalf of the class, such fund, after deduction of court-approved attorneys' fees and expenses, is ordinarily divided or paid out based on an allocation approved by the court. It is difficult to predict exactly how a court might direct that those monies be paid out or allocated, but ordinarily a named plaintiff or class representative is not entitled to a greater share of that allocation than he/she would have receive if he/she had not acted as the named plaintiff or class representative. A named plaintiff or class representative may, however, be entitled



Bryan L. Pautsch
May 18, 2015
Page 2

to a "compensatory" or "incentive" award depending on applicable law. Such an award is entirely in the Court's discretion.

**2. Your Duties**

As our client, you agree to provide any assistance related to the litigation that we deem necessary and to do your best to increase the likelihood that our efforts are successful. You agree to consult with us about facts and legal issues related to the case. You agree to retain and produce all relevant documents (including electronic documents such as emails), answer written questions (also known as interrogatories), and provide testimony under oath (e.g., in a deposition or trial).

Because we are filing this case as a proposed class action, there will probably come a point in the litigation when we file a motion for class certification. In connection with that motion, we will have to identify proposed class representatives. A class representative represents the interests of all class members in a class action and works with the class's lawyers to vindicate the class's claims. As a class representative, you must elevate the interests of the class above your own individual interests. You agree that we may propose to the court that you serve as a class representative and you agree to serve in that capacity if selected.

As we have discussed with you, our law firm has a number of different offices and we represent many other companies and individuals in a variety of matters. It is possible that during the course of the representation, other present or future clients will have disputes with you or an affiliate or related entity or individual. In light of these considerations, you agree that we may continue to represent or in the future undertake to represent existing or new clients in matters not substantially related to the current representation, even if the interests of such other clients are directly adverse to your interests, or the interests of your affiliates or related entities or individuals. This consent shall not apply if during the course of our representation we have obtained sensitive, proprietary, or other confidential information, of a non-public nature, that could be used to the advantage of such other client in any matter for which we are retained by that client.

**3. Our Duties**

Litigation is inherently risky, and we cannot guarantee that we will be successful. We will, however, provide you and the class with legal services consistent with our ethical obligations. We will keep you updated on significant developments in the litigation and make ourselves available to answer your questions. We will consult with you regarding any settlement discussions or settlements with defendant(s).



Bryan L. Pautsch
May 18, 2015
Page 3

It is important that you understand that if the court permits the lawsuit to proceed as a class action, we will not be able to put your individual interests ahead of those of other class members. We will have to respect equally the interests of all class members. Because we would be representing the interests of the entire class, we are required to make litigation and settlement recommendations based upon the interests of the entire class.

**4. We Will Advance Expenses**

We will advance all costs and expenses (collectively "expenses") that we deem necessary to prosecute the case. Such expenses typically include items such as telephone, copying and mailing charges, as well as more substantial items, such as the cost of travel, deposition and trial transcripts, and expert witness and consultant fees.

**5. Termination of Services**

You have the right to terminate our services at any time. If you decide to do so, you will be charged for, and agree to pay immediately, any expenses incurred by us, as well as any further reasonable expenses incurred in transferring our representation to other counsel of your choice. You also agree that if you retain other counsel, we shall nonetheless be entitled to a portion of any attorneys' fees that defendants are ultimately required by the court to pay or which defendant(s) agree to pay as part of a settlement. Such portion shall be equal to our "lodestar," which shall be calculated by multiplying the time that each of our attorneys spend on the matter by that attorney's standard billing rate, and then adding the sum of those calculations together.

As we have discussed, we are agreeing to represent you in this matter because we intend to prosecute this case as a class action and hope to collect our fees as part of a class-wide resolution of the claims. Thus, if the court refuses to certify the class, you agree that we may move to withdraw from the action at our discretion and with your agreement, and that you would need to retain new lawyers to prosecute your individual claims if such withdrawal is permitted.

**6. Fee For Professional Services and Reimbursement of Expenses**

Under some circumstances, applicable law may permit the court to order defendant(s) to pay our reasonable attorneys' fees and reimburse us for our expenses. Additionally, if the class obtains a monetary recovery from defendant(s) as part of a settlement and a settlement fund is created, applicable law may authorize the court to order that our reasonable attorneys' fees and expenses be paid from that fund. With this in mind, we agree to represent you and the class on a contingent basis. Neither you, nor the class, have any obligation to pay us attorneys' fees or reimburse us for our expenses from your own financial resources, except as provided in Section 5 and below.

4888763.1


**ZUCKERMAN SPAEDER LLP**

Bryan L. Pautsch
May 18, 2015
Page 4

If your claims are resolved on an individual or class-wide basis *pursuant to a court decision, order, or judgment (i.e., such resolution is not caused by a settlement)*, you authorize us to seek an order from the court requiring defendant(s) to pay us whatever attorney's fees and expenses that we deem reasonable. In this event, we will accept as payment in full whatever attorneys' fees and expenses are awarded by the court (if any) and neither you nor the class owes us anything additional.

If your claims are resolved on a class-wide basis *pursuant to a settlement with defendant(s)*, you authorize us to seek from defendants any amount of attorneys' fees and reimbursement of our expenses that we deem reasonable as part of that settlement. If we and defendants agree to an amount of attorneys' fees and expense reimbursement as part of the settlement, such attorneys' fees and expenses must be approved by the court before they are paid. In this event, we will accept as payment in full whatever attorneys' fees and expenses are awarded by the court (if any) and neither you nor the class owes us anything additional. If we and defendants cannot agree to an amount of attorneys' fees and expense reimbursement as part of the settlement, you authorize us to seek a provision in the settlement agreement that allows us to file a motion with the court seeking an order requiring defendants to pay us reasonable attorneys' fees and expenses. If defendant(s) agree to such a provision, we will accept as payment in full whatever attorneys' fees and expenses are awarded by the court (if any) and neither you nor the class owes us anything additional. If defendant(s) refuse to reimburse us for all of our expenses and/or pay the amount of attorneys' fees we demand, and refuse to include a provision in the settlement agreement that allows us to file a motion with the court seeking an award of attorneys' fees and/or expenses, and you nonetheless instruct us to accept the settlement, you agree to reimburse us for whatever expenses and/or portion of the attorneys' fees we demanded that defendant(s) have not agreed to pay as part of the settlement.

If your claims are resolved on an individual basis *pursuant to a settlement with defendant(s)*, you authorize us to seek from defendant(s) as part of that settlement any amount of attorneys' fees that we deem reasonable, as well as reimbursement of our expenses. If defendant(s) agree to pay the attorneys' fees and expenses we demand, you do not owe us anything additional. If defendant(s) refuse to pay the attorneys' fees and expenses we demand, you authorize us to seek a provision in the settlement agreement that allows us to file a motion with the court seeking an award of attorneys' fees and/or expenses. If we file such a motion, but the court does not order defendants to reimburse us for all of our expenses or pay us attorneys' fees that are at least equal to 30% of any gross monetary recovery you receive through the settlement (i.e., any monetary recovery you receive through the settlement before any deductions for our attorneys' fees, expense reimbursement, or taxes), you agree to make up the difference by paying us whatever amount is necessary to ensure that all of our expenses are reimbursed and that we are paid attorneys' fees equal to 30% of your gross recovery, so long as your total payments to us do not exceed 50% of your gross recovery. If defendant(s) refuse to reimburse us for all of our expenses and/or pay the amount of attorneys' fees we demand, and refuse to include a provision in the settlement agreement that allows us to file a motion with the court seeking an award of attorneys' fees and/or expenses, and you nonetheless instruct us to accept the settlement on your behalf, you agree to reimburse us for whatever expenses and/or portion of the attorneys' fees we demanded that defendant(s) have not agreed to pay as part of the settlement.

 **ZUCKERMAN SPAEDER LLP**

Bryan L. Pautsch
May 18, 2015
Page 5

### 7. Other Counsel

You authorize us to employ and/or work with other law firms in representing the proposed and/or actual class, including you. You agree that any fees ultimately awarded to counsel in the case may be divided, split and/or shared by, between and/or among the law firms in proportion to the services performed by each firm, or by agreement among the law firms, or as otherwise permitted by law. Each of the law firms involved in representing the proposed and/or actual class, including ours, shall have joint responsibility for the representation and all will be subject to the provisions of this agreement. We will keep you informed about the other lawyers and law firms that we work with in this matter. We may receive from other law firms representing plaintiffs and/or the proposed class in this case a portion of the fees received by one or more of such other firms.

### 8. Applicable Law and Forum

In any proceeding or matter arising out of or related to our relationship or this agreement, the applicable substantive law shall be that of the jurisdiction where the office of the attorney identified as principally responsible for this matter is located, without consideration of that jurisdiction's conflict of law provisions. In addition, that jurisdiction shall serve as the exclusive forum for any such proceeding or matter. Also, as we have discussed, any such proceeding or matter shall be tried exclusively to a judge, and you waive and give up any right to trial by jury.

If this letter correctly states our agreement, please sign and date it in the space provided. I have enclosed a signed copy of this letter for your records. We look forward to doing the best job possible for you.

Sincerely,

D. Brian Hufford

AGREED TO AND ACCEPTED:

_____
Bryan L. Pautsch, individually and on behalf of
his minor daughter, ▇▇▇▇▇▇

Dated: 5/21/15

4888763.1