UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH A. CRAFT; JANE DOE, by her next friend and parent, ELIZABETH A. CRAFT; BRYAN L. PAUTSCH; MARY DOE, by her next friend and parent, BRYAN L. PAUTSCH; on their own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH CARE SERVICE CORPORATION, <br><br> Defendant. | Case No. 14-cv-5853 <br><br> Hon. Virginia M. Kendall |

**EXHIBIT D**

**DECLARATION OF GEORGE F. GALLAND, JR., IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS**

I, George F. Galland, Jr., under penalty of perjury and subject to the provisions of 28 U.S.C. § 1746, declare as follows:

1. I am an attorney licensed to practice law in the State of Illinois and have been admitted to this Court.

2. I am a partner at Miner, Barnhill & Galland, P.C. ("MB&G") and am counsel to the Plaintiffs and the preliminary certified class in the above-captioned action. I am submitting this declaration on behalf of MB&G in support of plaintiffs' motion for attorneys' fees and reimbursement of expenses in connection with services rendered by my firm in this case.

3. I make this declaration based on personal knowledge of the facts contained herein and, if called, could testify competently thereto under oath.

4. On September 20, 2017, this Court preliminarily appointed Zuckerman Spaeder LLP, Psych-Appeal, Inc., and MB&G to serve as Class Counsel representing the settlement class (the "Class"), which this Court provisionally certified (ECF No. 153).

5. A description of MB&G and my biography can be found in the Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Related Relief, and accompanying exhibits. *See* ECF No. 148 at 12, and ECF No. 148-08.

6. Attached hereto as Exhibit 1 is a summary of MB&G's lodestar to facilitate a "lodestar cross-check" by the Court. The summary includes the names of attorneys and professional support staff who worked on this case and each timekeeper's respective hours and rates. The hourly rates shown in Exhibit 1 are the firm's standard rates for complex litigation as of the present and have been in effect since January 2014. They consequently were in effect for each individual as of the time these services were rendered.

7. Exhibit 2 to this Declaration reflects the total litigation expenses incurred by MB&G by category. As the table indicates, there were no large expenditures (e.g., experts), but only normal litigation costs.

8. The information in this declaration regarding MB&G's time, costs, and expenses is taken from contemporaneous time, cost, and expense printouts and supporting documentation (expense vouchers, check records, books, and records) prepared and maintained by the

firm in the ordinary course of business.[1]  I reviewed this documentation in preparation of this declaration to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time, costs, and expenses committed to this litigation.

9. As of October 17, 2017, MB&G has spent 72.5 hours on this case.  I estimate that MB&G will spend another 5-10 hours on this matter in connection with final approval and the Fairness Hearing scheduled for December 20, 2017.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of October, 2017 in Chicago, Illinois.

*/s/ George F. Galland, Jr.*
George F. Galland, Jr.

---

[1] Upon request, MB&G will provide time records for the listed timekeepers and receipts for listed expenses to the Court.

3