# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELIZABETH A. CRAFT; JANE DOE, a minor, by her next friend and parent, ELIZABETH A. CRAFT; BRYAN L. PAUTSCH; MARY DOE, a minor, by her next friend and parent, BRYAN L. PAUTSCH; on their own behalf and on behalf of all others similarly situated, | Case No. 14-CV-5853 |
| | Judge Virginia Kendall |
| Plaintiffs, | |
| v. | |
| HEALTH CARE SERVICE CORPORATION, | |
| Defendant. | |

## JOINT MOTION TO MODIFY SETTLEMENT CLASS DEFINITION
## EXPEDITED RELIEF REQUESTED

Through their respective counsel, Plaintiffs Elizabeth A. Craft, Jane Doe, Bryan L. Pautsch and Mary Doe ("Plaintiffs"), on behalf of themselves and the putative Settlement Class,[1] and Defendant Health Care Service Corporation, a Mutual Legal Reserve Company ("HCSC") (collectively, the "Parties"), respectfully submit this joint motion to modify the Settlement Class definition contained in the attached Final Order and Judgment Approving Settlement and Dismissing Action with Prejudice.

In support of their joint request, the Parties state as follows:

1. On September 20, 2017, the Court entered an Order (ECF No. 153) preliminarily certifying the Settlement Class and approving the Settlement Agreement (ECF No. 148-01).

---

[1] Capitalized terms not otherwise defined in this joint motion have the same meaning as in the Parties' Settlement Agreement, ECF No. 148-01.

2. The Settlement Agreement contains a procedure for one or more individuals to be added to the Settlement Class if, at any time before entry of the Final Approval Order, the Parties confirm that such individuals otherwise met the Settlement Class definition but were not included in the Request Data produced by HCSC.[2] *See* ECF No. 148-01, at 17-18 ¶ 19.

3. Shortly before the Fairness Hearing on January 22, 2018, Class Counsel was contacted by an individual who did not appear in the Request Data, who believed that he and his daughter met the Settlement Class definition. After reviewing documentation submitted by that individual and researching the issue, the Parties' respective counsel verified that the individual and his daughter meet the Settlement Class definition, *see* ECF No. 153 ¶ 5, and added them to the Settlement Class pursuant to the approved procedure in ¶ 19 of the Settlement Agreement.

4. At the Fairness Hearing on January 22, 2018, counsel advised the Court of this development based on then-available information, and undertook to research the issue further in order to determine whether to recommend additional actions to the Court. Based upon these representations, the Court continued Plaintiffs' Motion for Final Order and Judgment Approving Settlement and Dismissing Action with Prejudice until February 26, 2018. ECF No. 166.

5. The Parties, having now completed their review, jointly propose a modification to the Settlement Class definition. In particular, the Parties recommend modifying the Settlement Class definition to encompass *only* those individuals identified in the updated Request Data. Due to the sensitive nature of that data, the Parties propose submitting a final list of Settlement Class members, excluding opt outs, to the Court under seal promptly following entry of the modified Final Approval Order, attached at Exhibit A1.

---

[2] Pursuant to the Notice Plan, the Settlement Administrator included the Settlement Agreement on a website accessible to the Settlement Class Members as well as members of the general public. ECF No. 148-05.

6. The proposed modification to the Settlement Class definition ensures that persons who were not identified as potential Settlement Class Members in the updated Request Data will not be deemed to have released any claims through this Settlement.

7. The proposed modification does not affect the rights of any existing Settlement Class Members, who stand in the same position as when they received the Notice. Therefore, the Court may modify the class definition under its authority in Fed. R. Civ. P. 23(c) without affecting class members' rights, implicating due process considerations, and/or requiring a supplemental notice. *See generally* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); Fed. R. Civ. P. 23(c) 2003 Advisory Committee Notes (discussing the court's ability to alter or amend the class definition); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1187 (10th Cir. 2006)("The district court can modify or amend its class-certification determination at any time before final judgment in response to changing circumstances in the case.") (citing Fed. R. Civ. P. 23(c)(1)(C)); *In re Initial Public Offering Sec. Litig.*, No. 21 MC 92 (SAS), 2011 WL 2732563 at *3 (S.D.N.Y. July 8, 2011) (holding that "the revised class definition satisfied Rule 23 certification requirements" for purposes of a class settlement).

8. On January 5, 2018, Plaintiffs filed a Proposed Final Order together with their final approval papers. ECF No. 163-3. A revision to the Proposed Final Order is attached in redline and clean versions that incorporate the recommended modification to the Settlement Class definition. *See* Exhibit A1 (clean) & A2 (redline) at ¶ 10.

9. The Parties jointly request that this Court enter the Final Order and Judgment in the form attached as Exhibit A1. The Parties will be prepared to file *under seal* a list of all Settlement Class Members promptly after entry of the Final Order and Judgment.

6329947.1

10. If the Court is inclined to enter the Final Order and Judgment in Exhibit A1 without further submissions from counsel, then Plaintiffs' pending Motion for Final Order and Judgment Approving Settlement and Dismissing Action with Prejudice may be removed from the calendar for February 26, 2018.

| | |
|---|---|
| Dated: February 20, 2018 | Respectfully submitted, |
| */s/ Daniel P. Moylan* | */s/ Brian P. Kavanaugh* |
| Martin S. Himeles, Jr. (*pro hac vice*)<br>Daniel P. Moylan (*pro hac vice*)<br>ZUCKERMAN SPAEDER LLP<br>100 East Pratt St., Ste. 2440<br>Baltimore, Maryland 21202-1031<br>Telephone: (410) 333-0444<br>Fax: (410) 659-0436<br>mhimeles@zuckerman.com<br>dmoylan@zuckerman.com | Helen E. Witt, P.C.<br>Brian P. Kavanaugh<br>Devon M. Largio<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle St.<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>hwitt@kirkland.com<br>bkavanaugh@kirkland.com<br>dlargio@kirkland.com |
| D. Brian Hufford (*pro hac vice*)<br>Jason S. Cowart (*pro hac vice*)<br>ZUCKERMAN SPAEDER LLP<br>485 Madison Ave., 10th Floor<br>New York, NY 10022<br>Tel: 212.704.9600<br>Fax: 212.704.4256<br>dbhufford@zuckerman.com<br>jcowart@zuckerman.com | Catie Ventura<br>KIRKLAND & ELLIS LLP<br>655 15th St., N.W<br>Washington, D.C. 20005-5793<br>Telephone: (202) 879-5907<br>cventura@kirkland.com<br><br>*Counsel for Defendant* |
| Caroline E. Reynolds (*pro hac vice*)<br>ZUCKERMAN SPAEDER LLP<br>1800 M St. NW<br>Washington, DC 20036<br>Tel: 202.778.1800<br>Fax: 202.822.8106<br>creynolds@zuckerman.com | |

Meiram Bendat (*pro hac vice*)
PSYCH-APPEAL, INC.

8560 W. Sunset Blvd., Ste. 500
West Hollywood, CA 90069
Tel: 310.598.3690, ext. 101
Fax: 888.975.1957
mbendat@psych-appeal.com

George F. Galland, Jr.
David Baltmanis
MINER, BARNHILL & GALLAND, P.C.
325 N. LaSalle St., Ste. 350
Chicago, IL 60654
Tel: 312.751.1170
Fax: 312.751.0438
GGalland@lawmbg.com
DBaltmanis@Lawmgb.com

*Counsel for Plaintiffs and Provisionally
Certified Settlement Class*